UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Eugene Gayda

   v.                                      Civil No. 05-cv-244-JD

City of Nashua, et al.


O R D E R

In anticipation of trial, the defendants move to preclude Eugene Gayda from introducing evidence of other incidents when Nashua Fire Rescue officers entered private residences to inspect for smoke detectors without proper consent. The defendants argue that such evidence is irrelevant because the same officers were not involved in the other incidents and it is "more prejudicial than probative." They also contend that determining whether the alleged other incidents occurred would require trying another case within this case. Gayda objects to the motion.

    To succeed on his claim against Nashua, Gayda must prove that Philip Chouinard entered his apartment, without his consent or a warrant, as the result of a custom or practice in Nashua that was "so widespread or pervasive that the policymakers must have had actual or constructive notice of it, yet did nothing to modify it." Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005). Gayda responds that he intends to introduce evidence of other entries by Nashua Fire Rescue officers, without proper consent or

a warrant, to show a custom or practice by the city condoning or allowing such conduct.  He contends that such evidence is relevant to show the city's liability for the Fourth Amendment violation that he alleges occurred in this case.

The defendants argue, without evidentiary support or citation to authority, that the few incidents Gayda cites are not relevant because they did not involve Chouinard, were not related to the events at issue in this case, and are more "prejudicial than probative" because of the small number of incidents. Whether Nashua adhered to a custom or practice of allowing unlawful inspections does not require that the same officers be involved in each incident.  As to the small number of unlawful incidents, if the defendants were able to show that "hundreds or even thousands of inspections have occurred without incident" and that those inspections were all conducted lawfully, Gayda's few contrary examples might be insufficient, as a matter of law, to meet the requirement of a widespread or pervasive custom or practice.  The defendants, however, have not made that showing. Therefore, evidence of unlawful entries remains probative of whether Nashua had such a practice or policy.  While that evidence is no doubt prejudicial, the defendants have not shown that it is unfairly so.  See United States v. Barrow, 448 F.3d 37, 43 (1st Cir. 2006).

Conclusion

For the foregoing reasons, the defendant's motion in limine (document no. 12) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 4, 2006

cc: Brian J.S. Cullen, Esquire
    Fred K. Mayer, III, Esquire