UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Eugene Gayda

   v.                                       Civil No. 05-cv-244-JD

City of Nashua, et al.

O R D E R

In anticipation of trial, which is scheduled to begin on Monday, December 4, 2006, the court has reviewed the parties' proposed jury instructions. With respect to the Fourth Amendment claim against Philip Chouinard, both parties propose instructions pertaining to his intent or state of mind at the time of the incident. Therefore, it appears that some confusion exists as to the law governing that claim.

As the First Circuit has recently explained, "the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." Buchanan v. Maine, --- F.3d ---, 2006 WL 3317667 at *6 (1st Cir. Nov. 16, 2006) (internal quotation marks omitted). An officer's subjective intent or state of mind in entering the plaintiff's residence is not pertinent to determining whether a Fourth Amendment violation occurred. Hudson v. New York, 271 F.3d 62, 68-69 (2d Cir. 2001). Any jury instruction to the contrary is not appropriate. Id.

In this case, as in <u>Buchanan</u>, the parties do not dispute that Philip Chouinard entered Eugene Gayda's apartment without a warrant and without his consent.  The record presented for summary judgment did not indicate that any exigent circumstances existed in this case that would have permitted that entry.  Chouinard's purpose or intent in entering the apartment is not relevant to the Fourth Amendment claim.  Therefore, the record in the case to date strongly suggests that a Fourth Amendment violation occurred.  However, the parties are left to their proof.

The qualified immunity analysis in this case will focus on the second and third elements of the defense.  Those elements are whether the applicable law was clearly established so that "it would be clear to a reasonable officer that his conduct would be unlawful in the situation he confronted," and, if it would have been clear, whether an officer could have reasonably but mistakenly concluded that the entry area and stairway were not a private residence.  <u>Buchanan</u>, 2006 WL 3317667 at *8.  While the court decides whether qualified immunity applies, the jury may answer factual questions that are pertinent to that decision. <u>Rodriguez-Marin v. Rivera-Gonzalez</u>, 438 F.3d 72, 83-84 (1st Cir. 2006).

<u>Conclusion</u>

The court will fashion instructions that comport with these legal standards. The parties may submit revised proposed instructions that reflect the legal principles governing this case. Any such revised instructions shall be filed **no later than noon on Friday, December 1, 2006.**

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 29, 2006

cc: Brian J.S. Cullen, Esquire
 Fred K. Mayer, III, Esquire